**DE XIN LI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–4189–ag.

United States Court of Appeals,
Second Circuit.

Feb. 22, 2007.

Michael Brown, New York, NY, for Petitioner.

Lisa Godbey Wood, United States Attorney for the Southern District of Georgia, Edmund A. Booth, Jr., First Assistant United States Attorney, Augusta, GA, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner De Xin Li, a native and citizen of China, seeks review of the August 29, 2006 order of the BIA affirming the April 15, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Xin Li,* No. A97 646 817 (B.I.A. Aug. 29, 2006), *aff'g* No. A97 646 817 (Immig. Ct. N.Y. City Apr. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ The IJ rejected Li's ample documentary evidence solely on the basis of a State Department report, without evaluating the evidence on its merits and without questioning Li about—or otherwise probing—the authenticity of the documents. This was error. As we held in *Rui Ying Lin v. Gonzales,* 445 F.3d 127 (2d Cir. 2006), an IJ cannot reasonably conclude, based on the State Department Reports alone, that "every document from China is presumptively a forgery. As in all other

factual findings, the IJ's conclusion that a petitioner's documents were fraudulent must be based on more than speculation and conjecture." *Id.* at 134–35. We described this error as "particularly egregious," where, as here, "the IJ did not evaluate [peitioner's] documentary evidence on its own merits, question [petitioner] about the authenticity of any of the documents [he] presented, or otherwise probe the authenticity of those documents." *Id.*

Because these documents go to the heart of petitioner's claims for asylum and withholding of removal, we cannot be confident that, with the benefit of the documentary evidence, the IJ would reach the same conclusion upon remand. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107 (2d Cir.2006).

Furthermore, there is some indication that the inconsistencies in petitioner's testimony may have stemmed from a learning disability or hearing difficulty. We trust that, upon remand, the IJ will ensure that petitioner fully understands the proceedings and is competent to testify. *Cf. Qun Yang v. McElroy,* 277 F.3d 158, 162 (2d Cir.2002) (explaining that an IJ "is not merely the fact finder and adjudicator but also has an obligation to establish the record").

■ Li has not meaningfully challenged the IJ's denial of his CAT claim in his brief to this Court and we deem this claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. 2005) (issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the decisions of the BIA and IJ are VACATED, and the case is REMANDED for further proceedings. Having completed our review, the pending

motion for a stay of removal in this petition is GRANTED, and the removal order stayed until the BIA renders a new decision.